Simons, J.
(concurring). I concur with the court’s holding that an owner or contractor is absolutely liable under sections 240 (1) and 241 (l)-(5) of the Labor Law for injuries caused to workers because of a failure to supply safety devices and see to their proper placement and operation.
I would add that Smith v Hooker Chems. & Plastics Corp. (89 AD2d 361, appeal dismissed 58 NY2d 824) relied on by defendants is distinguishable from the appeals before us. The plaintiff in that action was the on-site supervisor of a roofing subcontractor’s crew and sued the owner of the premises for injuries he sustained when he fell from the roof of a building under construction. He moved for partial summary judgment before trial contending that under section 240 (1) the owner was absolutely liable to him. The moving papers demonstrated, however, that there were two versions of how he sustained his injuries, plaintiff’s version that he fell when the safety equipment supplied him failed and the version of Toth, a coemployee, who alleged that plaintiff fell while working without safety equipment. Toth testified that it had been his job to repair the roof but that on the day of the accident he had refused to go onto the roof until plaintiff replaced the safety equipment which had been removed after completion of work the day before. Plaintiff refused to replace the equipment, Toth said, for what he considered a minor job and because Toth refused to go onto the roof without it plaintiff decided to perform the work himself. Thus, in the Smith case equipment was actually at the place it was to be used, it had been used the day before and the worker assigned to do the job had requested that it be put in place. Plaintiff, the subcontractor’s employee charged with supervising the crew’s work, was injured when he fell from the roof after deciding to risk doing the work without troubling to replace the equipment.
Arguing the motion, plaintiff claimed he was entitled to partial summary judgment on the issue of liability regardless of the version accepted because defendant was an insurer of the workers’ safety, obliged not only to supply and place the equipment but to compel him to use it.
The Appellate Division reversed Trial Term’s order granting plaintiff partial summary judgment, finding a factual issue on whether the injuries were caused by the failure to supply and properly place safety devices or by the refusal of the worker to use the devices supplied. In responding to plaintiff’s argument, *526 the court distinguished section 240 (1) from the broader provisions of Labor Law § 202 which specifically mandate that employers and contractors must require employees to use available safety devices. Its ruling was a narrow one, that section 240 (1) does not impose a duty on an owner, as a matter of law, to compel a worker who refuses to use available satisfactory equipment to do so. That decision has no application to the facts of these cases in which those charged with responsibility for supplying safety devices deny the obligation or feasibility of doing so and rely alternatively upon evidence that there were ladders or safety belts available for use somewhere in the area of the construction site.